IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PATRICE PERRIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EVOLVE BANK & TRUST, ) <br> ) <br> Defendant. ) | Case No. 2:24-cv-02506-JPM-tmp |

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S RULING ON TRANSFER AND CONSOLIDATION**

Before the Court is Defendant Evolve Bank & Trust's Motion to Stay Proceedings. (ECF No. 23.) Defendant asserts that the Judicial Panel on Multidistrict Litigation ("JPML") is currently considering a decision on whether to transfer and centralize this action and thirty-two others. (ECF No. 23-1 at PageID 125 (citing In re Evolve Bank & Trust Customer Data Security Breach Litigation, MDL No. 3127, ECF No. 3-1).) The JPML will hear the MDL transfer motion, which will be fully briefed before September 26, 2024. (ECF No. 23-1 at PageID 128.) Plaintiff does not oppose a stay. (ECF No. 23.)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248 (1936)). "Courts frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case." Good v. Prudential Ins. Co. of Am., 5 F. Supp.

2d 804, 809 (N.D. Cal. 1998) (citing Am. Seafood, Inc. v. Magnolia Processing, Inc., 1992 WL 102762 (E.D. Pa. May 7, 1992)).

When considering motions to stay in these circumstances, district courts weigh "(1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are consolidated." Bates v. Proctor & Gamble Mfg. Co., 2009 WL 10699733, at *2 (W.D. Tenn. May 18, 2009) (citing Glazer v. Whirlpool Corp., 2008 WL 453133 at *2 (N.D. Ohio Oct. 6, 2008)).  Here, all three factors weigh in favor of the moving party.  The only date set in this case is a scheduling conference, and there would be a significant saving in judicial resources by waiting for consolidation before a Telephonic Scheduling Conference.  The moving party would avoid the hardship of largely duplicative discovery and production processes. Plaintiff does not argue that they will face prejudice if a stay is granted, and they are unlikely to be prejudiced by a short stay, given the relative age of the case.

Accordingly, Defendant's Motion for Stay is **GRANTED**.  This case is **STAYED** for sixty days or until the decision of the JPML, whichever is shorter.  Parties will inform the Court of the decision of the JPML within three (3) days of its issuance. If the JPML has not issued a decision on or before **October 11, 2024,** Defendant may file a motion requesting an extension to the stay.

**IT IS SO ORDERED**, this 15th day of August, 2024.

                                            */s/ Jon P. McCalla*
                                            JON P. McCALLA
                                            UNITED STATES DISTRICT JUDGE